**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PAULA PARKS MCCLINTOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-259-JAG |
| | ) | |
| CONTINUUM PRODUCER SERVICES, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 12, 2020, this Court held a hearing to consider the final approval of the proposed settlement of this case as well as for consideration of various pending motions in the case. This matter was referred to the undersigned for the entry of this Report and Recommendation by the presiding judge, United States District Judge John A. Gibney.

Appearing at the hearing in person was Jason Ryan for Plaintiff. Andrew Pate and Michael Burrage appeared by telephone for Plaintiff by prior arrangement. The class representative, Ms. Paula Parks McClintock also appeared by telephone. Defendant appeared through counsel of record, Michael Gibbens and Susan E. Huntsman.

As a result of the hearing and the record, the undersigned would report as follows:

1. The hearing was set in accordance with the Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing entered November 22, 2019. Notices of the proposed settlement of this class action were distributed in accordance with the terms of that Order. Counsel reports that five opt-out notices were submitted and no objections to the proposed settlement or the relief represented in the pending motions were received.

2. The Court turns to the evidence supporting the fairness of the settlement. In consideration of the factors identified by the Tenth Circuit Court of Appeals in the case of Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1188-89 (10th Cir. 2002) for approval of a class action settlement, this Court would find that:

   a. The proposed settlement was fairly and honestly negotiated. By all accounts, the settlement was the product of arm's length negotiations between experienced class action counsel. Counsel for both litigants investigated the merits and value of the claims after extensive discovery.

   b. Serious questions of law and fact which would place the

ultimate outcome of the litigation in doubt. This case is not the first class action asserting claims for the failure of an oil and gas producer to pay the statutory interest on payments which the producer allegedly failed to pay in a timely fashion in accordance with the time frames set out in the Oklahoma Production Revenue Standards Act. The legal arguments concerning timing are complex and the factual development of the timeliness of payments requires involved discovery over an extended period of time for which records may or may not exist. Success is not assured for Plaintiff or Defendant.

c. The value of the proposed settlement at this stage of the litigation outweighs the mere possibility of future relief after protracted and expensive litigation. As Class Counsel reported, the proposed settlement of $900,000.00 represents a 67 percent recovery of the principal interest at issue in the case from the period of between February of 2008 and May of 2012. During the pendency of this case, Defendant sold but retained liability for this case as a part of the sale. Class Counsel indicated that only $1.27 million was available to pay any judgment which might result from this case

3

>    from which expenses, including attorneys' fees and costs, would have been deducted. It is likely that the resulting payment to the class member would have been considerably less than the proposed settlement amount if the case were to proceed to a successful judgment for the class.
>
> d. From the presentation at the hearing, it is also clear that both the Class Representative and Defendants agree that the proposed settlement is fair, reasonable, and adequate. Class Counsel also expressed that the proposed settlement is fair and reasonable. The Settlement Class itself has effectively represented that the settlement meets with its members' approval as demonstrated through the receipt of only five opt-out notices and no objections to the settlement out of approximately 20,000 notices which were distributed.

As a result of the evaluation of the Tenth Circuit's mandated factors, this Court would find the proposed settlement to be fair, reasonable, and worthy of approval. Moreover, the Plan of Allocation proposes that Class Members will be reimbursed proportionately in relation to their individual claim for untimely payments that did not include the full amount of statutory interest owed. This plan of allocation as set out in the Motion for Final

4

Approval is fair and reasonable.

3. In consideration of Class Counsel's Motion for Approval of Attorney's Fees (Docket Entry #47), counsel is requesting a fee of one-third of the recovered amount or $300,000.00. The Tenth Circuit Court of Appeals has generally approved of the "percentage of fund" method of calculating the fees of class counsel rather than the "lodestar" method. Brown v. Phillips Petroleum Co., 838 F.2d 453, 454 (10th Cir. 1988). The reasonableness of Class Counsel's fee request is evaluated under the Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) factors. Brown, 838 F.2d at 454-55. As set out in Class Counsel's Motion, the factors favor approval of the requested fee. In light of the results obtained and the efforts expended, this Court would approve the fees as requested.

4. The litigation expenses of up to $20,000.00 and administration notice and distribution costs of up to $110,000.00 are fair and reasonable as set out in Class Counsel's Motion for Approval of Reimbursement of Litigation Expenses (Docket Entry #49). Again, the request has drawn no objections.

5. The Class Representative seeks a contribution award of

$2,500.00. The amount represented in the Class Representative's Motion for Approval of Case Contribution Award (Docket Entry #51) is supported and justified for the Class Representative's role in bringing the class claims.

IT IS THEREFORE RECOMMENDED that, based upon the filings and the record made at the hearing on final approval that the Class Representative's Motion for Final Approval, including the Plan of Allocation (Docket Entry #53), be **GRANTED** as fair and reasonable.

IT IS FURTHER RECOMMENDED that Class Counsel's Motion for Approval of Attorney Fees (Docket Entry #47), Class Counsel's Motion for Approval of Reimbursement of Litigation Expenses (Docket Entry #49), and Class Representative's Motion for Approval of Case Contribution Award (Docket Entry #51) also be **GRANTED** for the reasons set forth herein.

Proposed orders have been submitted by counsel which have been reviewed by the undersigned and accurately reflect the recommendations contained in this Report and Recommendation.

The parties are given fourteen (14) days from the date of the service of this Report and Recommendation to file any objections with the Clerk of this Court with a supporting brief. Failure to object to the Findings and Recommendation within fourteen (14)

days will preclude appellate review of this Report and Recommendation.

IT IS SO ORDERED this 19th day of May, 2020.

*[signature]*
Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma