IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAULA PARKS MCCLINTOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:17-cv-00259-JAG |
| | ) | |
| CONTINUUM PRODUCER SERVICES, L.L.C., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AWARDING REIMBURSEMENT
OF LITIGATION EXPENSES**

Before the Court is Class Counsel's Motion for Approval of Reimbursement of Litigation Expenses [Doc. No. 49] (the "Motion") and Memorandum of Law in Support Thereof [Dk. No. 50] (the "Memorandum"), wherein Class Counsel seeks entry of an Order approving Class Counsel's request for Reimbursement of Litigation Expenses, which were incurred in successfully prosecuting and resolving this Litigation, in an amount not to exceed $20,000.00—the amount set forth in the Notice.

On January 17, 2020, the Court issued an Order referring the Motion, and others, to the Honorable Kimberly E. West, United States Magistrate Judge, for a report and recommendation and to preside over the Final Fairness Hearing (Dk. No. 55). On February 12, 2020, Judge West conducted a Final Fairness Hearing to determine, among other things, whether the Motion should be approved (Dk. No. 59), and on May 19, 2020, issued a Report and Recommendation (Dk. No. 60) wherein she recommended that the motions should be granted and the parties' proposed orders accurately reflected the recommendation, *id.* at 6.

Judge West advised that any objections to the R&R should be filed no later than June 2, 2020 and the failure to file an objection would waive appellate review of the findings and

conclusions made therein. *Id*. The time for objections has passed, and no objection has been filed. Accordingly, the Court, having considered the Motion and Memorandum, all matters and evidence submitted in connection therewith, and the proceedings on the Final Fairness Hearing, hereby adopts the Report and Recommendation and finds the Motion should be **GRANTED** as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court, for purposes of this Order, incorporates herein its findings of fact and conclusions of law from its Order and Judgment Granting Final Approval of Class Action Settlement as if fully set forth herein.

3. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

4. The Notice stated that Class Counsel would seek Reimbursement of Litigation Expenses, which were incurred in successfully prosecuting and resolving this Litigation, in an amount not to exceed $20,000.00. The Notice also stated Class Counsel would request approval of Administration, Notice and Distribution Costs associated with effectuating the Settlement in an amount not to exceed $110,000.00 to be paid from the Gross Settlement Fund. Notice of Class Counsel's request for Reimbursement of Litigation Expenses and approval of Administration, Notice and Distribution Costs was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the request for Reimbursement of Litigation Expenses and approval of Administration, Notice and Distribution Costs is hereby determined to have been the best notice practicable under the circumstances,

constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.

5. Class Counsel provided the Court with abundant evidence in support of their request for Reimbursement of Litigation Expenses, including but not limited to: (1) the Motion and Memorandum; (2) the Declaration of Bradley E. Beckworth, Patrick M. Ryan and Robert N. Barnes on Behalf of Class Counsel ("Joint Class Counsel Decl."); (3) the Declaration of Bradley E. Beckworth on Behalf of Nix Patterson, LLP ("NP Decl."); (4) the Declaration of Patrick M. Ryan on behalf of Ryan Whaley Coldiron Jantzen Peters &7 Webber; (5) the Declaration of Robert N. Barnes, Patranell Britten Lewis, and Emily Nash Kitch on behalf of Barnes & Lewis LLP; (6) the Declaration of Michael Burrage; (7) the Declaration of Lawrence R. Murphy, Jr.; (8) the Declaration of Paula Parks McClintock; (9) the Declaration of Jennifer M. Keough on Behalf of Settlement Administrator JND Legal Administration LLC, Regarding Notice Mailing and Administration of Settlement ("JND Decl."); and (10) the Affidavits of Absent Class Members Saydee Resources, LLP, and Little Land Co. This evidence was submitted to the Court well before the objection and opt-out deadline, and none of the evidence was objected to or otherwise refuted by any Settlement Class Member.

6. Class Counsel is hereby awarded Reimbursement of Litigation Expenses in an amount not to exceed $20,000.00, to be paid from the Gross Settlement Fund. In making this award, the Court makes the following findings of fact and conclusions of law:

    (a) The Settlement has created a Gross Settlement Fund of $900,000.00 in cash. Class Members will benefit from the Settlement that occurred because of the substantial efforts of Class Representative and Class Counsel;

(b)     On December 4, 2019, JND caused the Short Form Notice of Settlement to be mailed to 20,455 unique mailing records identified in the mailing data. *See* JND Decl. at ¶ 10. The Short Form Notice expressly stated that Class Counsel would seek Reimbursement of Litigation Expenses in an amount not to exceed $20,000.00. The Short Form Notice also directed class members to a website for further information, including the Long Form Notice, and also provided the option of requesting a Long Form Notice be sent via U.S. Mail. There were no objections to the requested reimbursement of expenses;

(c)     Class Counsel filed its Motion approximately fourteen (14) days prior to the deadline for Settlement Class Members to object. No objections were filed regarding Class Counsel's Motion for Approval of Reimbursement of Litigation Expenses;

(d)     The Parties here contractually agreed that the Settlement Agreement shall be governed solely by federal common law with respect to certain issues, including the reasonableness of requests for reimbursement of expenses:

> To promote certainty, predictability, the full enforceability of this Settlement Agreement as written, and its nationwide application, this Settlement Agreement hall be governed *solely by federal law*, both substantive and procedural, as to due process, class certification, judgment, collateral estoppel, res judicata, release, settlement approval, allocation, Case Contribution Award, the right to and reasonableness of Plaintiff's Attorneys' Fees and *Litigation Expenses*, and all other matters for which there is federal procedural or common law, including federal law regarding federal equitable common fund class actions.

Settlement Agreement at ¶11.8 (emphasis added) (Dkt. No. 39-1);

(e)     This choice of law provision should be and is hereby enforced. *See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1121 (10th Cir. 1999) (citing *Restatement 2d of Conflict of Laws* § 187, cmt. e (Am. Law Inst. 1988)); *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 428 (10th Cir. 2006); *see also Williams v. Shearson Lehman*

*Bros.*, 1995 OK CIV APP 154, ¶ 17, 917 P.2d 998, 1002 (concluding that parties' contractual choice of law should be given effect because it does not violate Oklahoma's constitution or public policy); *Barnes Group, Inc. v. C & C Prods., Inc.*, 716 F.2d 1023, 1029 n. 10 (4th Cir. 1983) ("Parties enjoy full autonomy to choose controlling law with regard to matters within their contractual capacity."). This Court has enforced similar language in prior settlements. *See, e.g., Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Doc. No. 120); *Reirdon v. Cimarex Energy Co.*, No. 6:16-cv-113-KEW (E.D. Okla. Dec. 18, 2018) (Doc. No. 104); *Reirdon v. XTO Energy, Inc.,* No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Doc. No. 125); *Chieftain Royalty Co. v. XTO Energy, Inc*., No. 11-cv-00029-KEW (E.D. Okla. Mar. 27, 2018) (Doc. No. 232); *Cecil v. BP America Production Co*., No. 16-cv-00410-KEW (E.D. Okla. Nov. 19, 2018) (Doc. No. 260);

     (f)     Applying federal common law, Rule 23(h) of the Federal Rules of Civil Procedure allows courts to reimburse counsel for "non-taxable costs that are authorized by law." FED. R. CIV. P. 23(h). To this end, district courts have noted, "[a]s with attorneys' fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred . . . in addition to the attorney fee percentage." *Vaszlavik v. Storage Tech. Corp*., No. 95-B-2525, 2000 U.S. Dist. LEXIS 21140, at *11 (D. Colo. Mar. 9, 2000) (citation omitted). Similarly, Oklahoma's class action statute provides "the court may award . . . nontaxable costs that are authorized by law or by the parties' agreement." *See* 12 O.S. § 2023(G)(1);

     (g)     Class Counsel set forth in the Notice that they would seek up to $20,000.00 in reimbursement of expenses. *See* JND Decl. To date, Class Counsel's out-of-pocket

expenses are $14,608.58. *See* Joint Class Counsel Decl. at ¶68; NP Decl. at ¶33; RW Decl. ¶16. I find that all of these expenses were reasonably and necessarily incurred by Class Counsel and are directly related to their prosecution and resolution of this Litigation. Moreover, I find that these expenses are fair and reasonable under Oklahoma state law for the same reasons they are fair and reasonable under federal common law and supported by the same evidence of reasonableness. The costs include routine expenses related to copying, court fees, postage and shipping, phone charges, legal research, and travel and transportation, as well as expenses for experts, document production and review, and mediation, which are typical of large, complex class actions such as this. *See* NP Decl. at ¶¶ 33-34. As such, the Expense Request is fair, reasonable and is hereby granted;

  (h) Therefore, Class Counsel is awarded $14,608.58 in past expenses and may request any additional amount Class Counsel may incur after the entry of this Order not to exceed $20,000.00, upon fourteen (14) days' written notice to the Court.

7. Class Counsel's request for approval of Administration, Notice and Distribution Costs associated with effectuating the Settlement in an amount not to exceed $110,000.00 to be paid from the Gross Settlement Fund is also approved.

8. Any appeal or any challenge affecting this Order Awarding Reimbursement of Litigation Expenses shall in no way disturb or affect the finality of the Order and Judgment Granting Final Approval of Class Action Settlement, the Settlement Agreement, or the Settlement contained therein.

9. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order.

10. There is no reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b), Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 4th day of June, 2020.

/s/ *[signature]*
John A. Gibney, Jr.
United States District Judge

_____
JOHN A. GIBNEY, JR.
UNITED STATES DISTRICT JUDGE