IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAULA PARKS MCCLINTOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:17-cv-00259-JAG |
| | ) |
| CONTINUUM PRODUCER SERVICES, L.L.C., | ) |
| | ) |
| Defendant. | ) |

**ORDER AWARDING CASE CONTRIBUTION AWARD**

Before the Court is Class Representative Paula McClintock's Motion for Approval of Case Contribution Award (the "Motion") (Dkt. No. 51) and Memorandum of Law in Support Thereof (the "Memorandum") (Dkt. No. 52), wherein Ms. McClintock seeks a Case Contribution Award of up to $2,500.00 to be paid from the Gross Settlement Fund.

On January 17, 2020, the Court issued an Order referring the Motion, and others, to the Honorable Kimberly E. West, United States Magistrate Judge, for a report and recommendation and to preside over the Final Fairness Hearing (Dkt. No. 55). On February 12, 2020, Judge West conducted a Final Fairness Hearing to determine, among other things, whether the Motion should be approved (Dkt. No. 59), and on May 19, 2020, issued a Report and Recommendation (Dkt. No. 60) wherein she recommended that the motions should be granted and the parties' proposed orders accurately reflected the recommendation. *Id.* at 6.

Judge West advised that any objections to the R&R should be filed no later than June 2, 2020 and the failure to file an objection would waive appellate review of the findings and conclusions made therein. *Id*. The time for objections has passed, and no objection has been filed. Accordingly, the Court, having considered the Motion and Memorandum, all matters and evidence

submitted in connection therewith, and the proceedings on the Final Fairness Hearing, hereby adopts the Report and Recommendation and finds the Motion should be **GRANTED** as follows:

1.  This Order incorporates by reference the definitions in the Settlement Agreement and all terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2.  The Court, for purposes of this Order, incorporates its findings of fact and conclusions of law from its Order and Judgment Granting Final Approval of Class Action Settlement as if fully set forth herein.

3.  The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

4.  The Notice stated that Ms. McClintock intended to seek a Case Contribution Award of up to $2,500.00 to be paid from the Gross Settlement Fund. *See* Declaration of Jennifer M. Keough on Behalf of Settlement Administrator, JND Legal Administration LLC, Regarding Notice Mailing and Administration of Settlement ("JND Decl.") (Dkt. No. 54-4). Notice of Ms. McClintock's request for a Case Contribution Award was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the request for a Case Contribution Award is hereby determined to have been the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of Rule 23, Federal Rules of Civil Procedure, and due process.

5.  Ms. McClintock provided the Court with abundant evidence in support of her request for a Case Contribution Award, including: (1) the Motion and Memorandum; (2) the Declaration of Paula Parks McClintock ("McClintock Decl.") (Dkt. No. 54-1); and (3) the

Affidavits of Absent Class Members (Dkt. Nos. 54-6 and 54-7). This evidence was submitted to the Court well before the objection and opt-out deadline, and none of the evidence was objected to or otherwise refuted by any Settlement Class Member.

6. Ms. McClintock is hereby awarded a Case Contribution Award of $2,500.00 to be paid from the Gross Settlement Fund. In making this Case Contribution Award, the Court makes the following findings of fact and conclusions of law:

(a) The Settlement has created a fund of $900,000.00 in cash, which is a significant benefit to the Settlement Class. Settlement Class Members will benefit from the Settlement that occurred because of the substantial efforts of Class Representative and Class Counsel;

(b) On December 4, 2019, JND caused the Short Form Notice of Settlement to be mailed to 20,455 unique mailing records identified in the mailing data. *See* JND Decl. at ¶10. The Notice expressly stated that Class Representative intended to seek a Case Contribution Award of up to $2,500.00 to be paid from the Gross Settlement Fund. The Short Form Notice also directed class members to a website for further information, including the Long Form Notice, and also provided the option of requesting a Long Form Notice be sent via U.S. Mail;

(c) Ms. McClintock filed her Motion approximately fourteen (14) days prior to the deadline for Settlement Class Members to object. No objections were filed regarding Class Representative's Request for a Case Contribution Award;

(d) The Parties here contractually agreed that the Settlement Agreement shall be governed ***solely*** by federal common law with respect to certain issues, including the case contribution award:

> To promote certainty, predictability, the full enforceability of this Settlement Agreement as written, and its nationwide application, this Settlement Agreement hall be governed *solely by federal law*, both substantive and procedural, as to due process, class certification, judgment, collateral estoppel, res judicata, release, settlement approval, allocation, *Case Contribution Award*, the right to and reasonableness of Plaintiff's Attorneys' Fees and Litigation Expenses, and all other matters for which there is federal procedural or common law, including federal law regarding federal equitable common fund class actions.

*See* Settlement Agreement at ¶11.8 (emphasis added);

 (e) This choice of law provision should be and is hereby enforced. *See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1121 (10th Cir. 1999) (citing *Restatement 2d of Conflict of Laws*, § 187, cmt. e (Am. Law. Inst. 1988)); *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 428 (10th Cir. 2006); *see also Williams v. Shearson Lehman Bros.*, 1995 OK CIV APP 154, ¶17, 917 P.2d 998, 1002 (concluding that parties' contractual choice of law should be given effect because it does not violate Oklahoma's constitution or public policy); *Barnes Group, Inc. v. C & C Prods., Inc.*, 716 F.2d 1023, 1029 n. 10 (4th Cir. 1983) ("Parties enjoy full autonomy to choose controlling law with regard to matters within their contractual capacity."). This Court has enforced similar language in prior settlements. *See, e.g., Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Dkt. No. 119); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-00113-KEW (E.D. Okla. Dec. 18, 2018) (Dkt. No. 103); *Reirdon v. XTO Energy, Inc.,* No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Dkt. No. 126); *Chieftain Royalty Co. v. XTO Energy, Inc*., No. 11-cv-00029-KEW (E.D. Okla. Mar. 27, 2018) (Dkt. No. 230); *Cecil v. BP America Production Co*., No. 16-cv-00410-KEW (E.D. Okla. Nov. 19, 2018) (Dkt. No. 260);

(f)     Applying federal common law,[1] federal courts regularly grant incentive awards to compensate named plaintiffs for the work they performed. *See, e.g., UFCW Local 880-Retail Food v. Newmont Mining Corp.*, 352 F. App'x 232, 235 (10th Cir. 2009) (unpublished) ("Incentive awards [to class representatives] are justified when necessary to induce individuals to become named representatives...Moreover, a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class.") (citations omitted); *Cobell v. Salazar*, 679 F.3d 909, 922-23 (D.C. Cir. 2012) (district court did not err in finding that lead plaintiff's "singular, selfless, and tireless investment of time, energy, and personal funds to ensure survival of the litigation [merited] an incentive award[.]"); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) ("Incentive awards . . . are intended to compensate class representatives for work done on behalf of the class . . . ."); *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 150 (S.D.N.Y. 2010); *Fankhouser v. XTO Energy, Inc.*, No. CIV-07-798-L, 2012 U.S. Dist. LEXIS 147197, at *9-10 (W.D. Okla. Oct. 12, 2012) (incentive awards totaling $100,000 from $37 million fund); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1218 (S.D. Fla. 2006) ("There is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action."); *In re Linerboard Antitrust Litig.*, MDL No. 1261, 2004 U.S. Dist. LEXIS 10532, at *56 (E.D. Pa. June 2, 2004) (finding "ample authority in this district and in other circuits" for total

---

[1] Because the Parties here contractually agreed that federal common law controls the Case Contribution Award, I find that the opinion in *Chieftain Royalty Co. v. EnerVest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455 (10th Cir. 2017), in which the Tenth Circuit reversed and remanded a district court order that granted an incentive award to the class representative of 0.5%, is wholly inapplicable. Moreover, Class Representative here seeks a flat award based on her hours spent times a reasonable rate, and not a percentage-based award, as was requested and awarded by the district court in *EnerVest*.

incentive awards of $125,000); *In re Lorazepam & Clorazepate Antitrust Litig.,* 205 F.R.D. 369, 400 (D.D.C. 2002) ("Incentive awards are not uncommon in class action litigation and particularly where . . . a common fund has been created for the benefit of the entire class."); *Enter Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240 (S.D. Ohio 1991) (awarding $300,000 to class representatives, equaling .93% of current cash portions of settlement and approximately .53% of estimated present value); *In re Dun & Bradstreet Credit Servs. Customer Litig.,* 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) ($215,000 in incentive awards from $18 million fund); *see also Chieftain Royalty Co. v. Marathon Oil Co.*, No. CIV-17-334-SPS (E.D. Okla. Mar. 8, 2019) (Dkt. No. 119); *Reirdon v. Cimarex Energy Co.*, No. 16-cv-00113-KEW (E.D. Okla. Dec. 18, 2018) (Dkt. No. 103); *Reirdon v. XTO Energy, Inc.,* No. 16-cv-00087-KEW (E.D. Okla. Jan. 29, 2018) (Dkt. No. 126); *Chieftain Royalty Co. v. XTO Energy, Inc*., No. 11-cv-00029-KEW (E.D. Okla. Mar. 27, 2018) (Dkt. No. 230); *Cecil v. BP America Production Co*., No. 16-cv-00410-KEW (E.D. Okla. Nov. 19, 2018) (Dkt. No. 260);

(g) The services for which incentive awards are given typically include "monitoring class counsel, being deposed by opposing counsel, keeping informed of the progress of the litigation, and serving as a client for purposes of approving any proposed settlement with the defendant." 5 *Newberg on Class Actions* § 17:3 (5th ed.) ("*Newberg*"). The award should be proportional to the contribution of the plaintiff. *See Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1081 (7th Cir. 2013) (noting that if the lead plaintiff's services are greater, her incentive award likely will be greater); *Rodriguez,* 563 F.3d at 960 (incentive award should not be "untethered to any service or value [the lead plaintiff] will provide to the class"); *Newberg* at § 17:18;

(h)     Here, Class Representative seeks a modest, dollar-based award of $2,500.00. This request is supported by the abundant evidence submitted by Class Representative, including a declaration from Ms. McClintock and numerous Absent Class Members. *See Newberg* at § 17:12 (evidence might be provided through "affidavits submitted by class counsel and/or the class representatives, through which these persons testify to the particular services performed, the risks encountered, and any other facts pertinent to the award."). This evidence demonstrates Ms. McClintock is seeking payment at a reasonable hourly rate of $50.00 for reasonable time expended on services that were helpful and non-duplicative to the litigation;

(i)     Ms. McClintock's education and work history background more than justify this hourly rate. *See* McClintock Decl. at ¶¶4-5. Ms. McClintock attended Tulsa University where she obtained a Bachelor of Science degree in 1975. After college, she worked for Merrill Lynch and in retail. During the 1990s, she produced two fishing books along with her husband: Flywater and Watermark. She continues to manage investments in commercial real estate and several royalty interests. Indeed, she has both owned, and previously managed a trust that owned, multiple royalty interests in Oklahoma for several years. *Id.;*

(j)     As demonstrated by her Declaration, both the rate and efforts of Ms. McClintock are reasonable. Specifically, at the time of her Declaration, Ms. McClintock had dedicated a total of approximately 130 hours to this Litigation. McClintock Decl. at ¶19. These hours were spent collecting documents for discovery, reviewing emails and draft pleadings, motions, briefs and other court documents from Class Counsel, consulting and/or meeting with Class Counsel and traveling to and from meetings. *Id*. All of these

efforts were necessary and beneficial to the Litigation and the ultimate Settlement. *Id*. The additional time Ms. McClintock spent on this Litigation through the Final Fairness Hearing is at least 40 hours. *Id.* And, she will continue to work on behalf of the Settlement Class in the coming weeks and months, including through the administration of the Settlement. Ms. McClintock will also incur additional time in the event of an appeal, conferring with Class Counsel and reviewing additional pleadings. However, even if Ms. McClintock never worked another hour on this case, the request of $2,500.00 would justify a reasonable and modest hourly rate of $50.00;

(k)     Ms. McClintock was heavily involved in all aspects of the Litigation, even prior to the filing of the Petition in May 2017. McClintock Decl. at ¶¶8-9. She actively and effectively fulfilled her obligations as a representative of the Settlement Class, complying with all reasonable demands placed upon her during the prosecution and settlement of this Litigation, and provided valuable assistance to Class Counsel. *Id*. at ¶19. Ms. McClintock has worked with Class Counsel since before the inception of this Litigation, and her active participation has contributed significantly to the prosecution and resolution of this case. *Id*. In addition, Ms. McClintock collected documents for discovery, reviewed pleadings, motions and other court filings, communicated regularly with Class Counsel, reviewed expert analysis on damages and actively participated in the negotiations that led to the Settlement of this Action. *Id.*;

(l)     Ms. McClintock was never promised any recovery or made any guarantees prior to filing this Litigation, nor at any time during the Litigation. *Id*. at ¶20. In fact, Ms. McClintock understands and agrees that such an award, or rejection thereof, has no bearing on the fairness of the Settlement and that it will be approved and go forward no matter how

the Court rules on her request. *Id*. In other words, Ms. McClintock fully supports the Settlement as fair, reasonable and adequate, even if she is awarded no case contribution award at all. *Id*. Ms. McClintock has no conflicts of interest with Class Counsel or any absent class member. *Id*. Finally, Absent Class Members have executed affidavits supporting Ms. McClintock's request for a Case Contribution Award. *See* Dkt. Nos. 54-6 and 54-7;

(m)   Because Ms. McClintock has dedicated her time, attention and resources to this Action, the Court finds she is entitled to the requested Case Contribution Award of $2,500.00 to reflect the important role that she played in representing the interests of the Settlement Class and in achieving the substantial result reflected in the Settlement;

(n)   Thus, Ms. McClintock's request for a Case Contribution Award of $2,500.00 is fair and reasonable under Oklahoma state law for the same reasons it is fair and reasonable under federal common law and supported by the same evidence of reasonableness.

7.   Any appeal or any challenge affecting this Order Awarding Case Contribution Award shall in no way disturb or affect the finality of the Order and Judgment Granting Final Approval of Class Action Settlement, the Settlement Agreement or the Settlement contained therein.

8.   Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order.

9.   There is no reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b), Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 4th day of June, 2020.

/s/ *[signature]*
John A. Gibney, Jr.
United States District Judge

_____
JOHN A. GIBNEY, JR.
UNITED STATES DISTRICT JUDGE