IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAULA PARKS MCCLINTOCK, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 6:17-cv-00259-JAG |
| ) | |
| CONTINUUM PRODUCER ) | |
| SERVICES, L.L.C., ) | |
| ) | |
| **Defendant.** ) | |

## INITIAL PLAN OF ALLOCATION ORDER

On January 17, 2020, the Court issued an Order referring Class Representative's motions for attorney's fees (Dkt. No. 47), approval of reimbursement of litigation expenses (Dkt. No. 49), approval of case contribution award (Dkt. No. 51) and final approval of class action settlement (Dkt. No. 53) to the Honorable Kimberly E. West, United States Magistrate Judge, for a report and recommendation and to preside over the Final Fairness Hearing (Dkt. No. 55). On February 12, 2020, Judge West conducted a Final Fairness Hearing to determine, among other things, whether the foregoing motions should be approved (Dkt. No. 59), and on May 19, 2020, issued a Report and Recommendation (Dkt. No. 60) wherein she recommended that the motions should be granted and the parties' proposed orders accurately reflected the recommendation. *Id.* at 6.

Judge West advised that any objections to the R&R should be filed no later than June 2, 2020 and the failure to file an objection would waive appellate review of the findings and conclusions made therein. *Id*. The time for objections has passed, and no objection has been filed. Accordingly, with Judge West having held a Final Fairness Hearing in this Action on February 12, 2020, in which the court fulfilled its duties to consider objections and independently evaluated the fairness, reasonableness, and adequacy of the Settlement, and

having thereafter finally approved the Settlement, this Court now enters this Plan of Allocation Order to instruct the Parties and the Settlement Administrator on the manner in which the Net Settlement Fund shall be allocated and distributed to Class Members.[1]

The Court finds, orders, and adjudges that the methodology set forth below (the "Allocation Methodology") is fair, reasonable, and adequate and in the best interest of the Settlement Class. Accordingly, the Court hereby orders that, once the Judgment becomes Final and Non-Appealable, the Parties and the Settlement Administrator are to promptly carry out the terms of this Order and distribute the Net Settlement Fund as follows:

1. Subject to the jurisdiction of the Court, the Settlement Administrator shall administer the Settlement under Class Counsel's supervision in accordance with this Initial Plan of Allocation Order and the Settlement Agreement. Class Counsel and Defendant shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms. The Net Settlement Fund shall be distributed to Class Members according to this Order. The Court reserves the right to modify this Initial Plan of Allocation Order upon application of any Party hereto, without further notice to any Class Members who have not entered an appearance herein. The allocation of the Net Settlement Fund among Class Members and the Allocation Methodology is a matter separate and apart from the proposed Settlement between Plaintiff and Defendant, and any decision by the Court concerning allocation and distribution of the Net Settlement Fund among Class Members shall not affect the validity or finality of the Settlement or operate to terminate or cancel this Settlement.

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Stipulation and Agreement of Settlement (the "Settlement Agreement").

2. At such time as the Judgment becomes Final and Non-Appealable, Plaintiff and Class Counsel will, as promptly as reasonably possible, but no later than sixty (60) days after the Effective Date, file a Final Plan of Allocation with the Court, which will reflect the proportionate amount of the Net Settlement Fund to be paid to each Class Member pursuant to the Allocation Methodology. Plaintiff and Class Counsel will obtain the Court's approval of a list of the names, addresses and tax identification numbers of Class Members who have not opted-out and to whom Distribution Checks are to be mailed, along with the amounts of the Distribution Check for each such Class Member. If necessary, such list of names may be provided in stages for purposes of efficiently distributing the Net Settlement Fund. To the extent any of the foregoing information is unknown for any Class Members, despite reasonable commercial efforts to obtain it, the list may show that such information is unknown. The names, addresses and amounts to be paid will be determined as described herein.

3. Class Counsel has allocated the estimated Net Settlement Fund based on the amount of statutory interest owed on each original underlying proceeds payment that allegedly occurred outside the time periods required by the PRSA. The calculations were made with due regard for the production date, the date the underlying payment was made, the amount of the underlying payment made, the time periods set forth in the PRSA and any additional statutory interest that has since accrued. The preliminary allocation of the Net Settlement Fund among Class Members is shown in the Affidavit of Barbara A. Ley and exhibits thereto, attached to Class Representative's Memorandum of Law in Support of Class Representative's Motion for Final Approval and is approved by this Court. It is understood that this preliminary allocation will be updated when all opt-outs and excluded owners are known and identified. Thereafter, Plaintiff and Class Counsel, with the aid of the Settlement Administrator, will allocate the Net

Settlement Fund proportionately among all Class Members as set forth in an updated allocation schedule.

4.  Included with each Distribution Check shall be an enclosure that contains the following notice (or, if a change is required by the Court, a notice substantially the same as the following):

> TO: Class Member: The enclosed check represents a share of the net settlement fund in the settlement of the Class Action *McClintock v. Continuum Producer Services, L.L.C.*, Case No. 17-cv-00259-JAG, in the United States District Court for the Eastern District of Oklahoma. You are receiving this distribution and check because you have been identified as a Class Member in this action. If you are not legally entitled to the proceeds identified on the check, the Court has entered an Order that requires you to pay these proceeds to persons legally entitled thereto or return this check uncashed to the sender.
>
> The person to whom this check was originally made payable, and anyone to whom the check has been assigned by that person, has accepted this payment pursuant to the terms of the Settlement Agreement, Notice of Settlement, and Judgment related thereto, which releases, *inter alia*, Defendant and the other Released Parties (as defined in the Settlement Agreement) from any and all Released Claims (as defined in the Settlement Agreement). Pursuant to the Order of the Court, it is the duty of the payee of the check to ensure that the funds are paid to the Class Member(s) entitled to the funds, and the release by Class Member(s) entitled to the funds shall be effective regardless of whether such Class Member(s) receive some, all, or none of the proceeds paid to a payee of a settlement check.
>
> This check shall be null and void if not endorsed and negotiated within ninety (90) days after its date. The release of claims provided in the settlement shall be effective regardless of whether this check is cashed.

5.  The Settlement Administrator will make a diligent effort to mail the first Distribution Checks within ninety (90) days after the Effective Date and, within the subsequent ninety (90) days, will mail the Distribution Checks representing the remaining 95% of the Net Settlement Fund (such percentage to be calculated based upon the amount of payments shown in the Final Plan of Allocation). The remainder of the Net Settlement Fund will be distributed to Class Members within 6 months after the Effective Date. Any portion of the Net Settlement Fund

remaining in the Settlement Account 120 days after the Settlement Administrator sends the final wave of Distribution Checks will be considered Residual Unclaimed Funds that will be refunded to Defendant. No distributions will be made to Class Members who would otherwise receive a distribution of less than $10.00. This *de minimis* threshold is set in order to preserve the overall Net Settlement Fund from the costs of claims that are likely to exceed the value of those claims.

6. The Settlement Administrator will use commercially reasonable efforts, subject to review and approval by Plaintiff's Counsel, to distribute the Net Settlement Fund. If the information needed to send a Distribution Check cannot be obtained through such efforts, the portion of the Net Settlement Fund attributable to such Class Member will remain in the Settlement Account as Residual Unclaimed Funds and shall be refunded to Defendant.

7. If a Distribution Check is returned to the Settlement Administrator for incorrect or insufficient address, the Settlement Administrator and/or consultants working with the Settlement Administrator will use commercially reasonable methods to locate an updated address and will re-issue and re-mail the Distribution Check within thirty (30) days. If the second Distribution Check is returned and the Class Member cannot be located through commercially reasonable efforts, the portion of the Net Settlement Fund attributable to them will remain in the Settlement Account for ninety (90) days after the date the Second Distribution Check was returned and, thereafter, will be considered Residual Unclaimed Funds that shall be paid to Defendant.

8. The Settlement Administrator will only make distributions based on the Plan of Allocation and distribution order approved by the Court. It is contemplated that distributions may be made in waves, where using that approach is more efficient for the Settlement Administrator, so that payments to readily identified owners are not unduly delayed.

9. Defendant, Defendant's Counsel, the Settlement Administrator, Plaintiff, and Plaintiff's Counsel shall have no liability to any Class Member for mispayments, overpayments, or underpayments of the Net Settlement Fund.

10. If any Class Member has been paid any portion of the Net Settlement Fund for any period of time for which that Class Member was not entitled to receive that payment, and some other person or entity who owned or claims they owned the right to assert the Released Claims and asserts a claim against any of the Released Parties for payment of all or a portion of the Net Settlement Fund or any other Released Claim, then the Class Member who received an excess share shall be liable for any overpayment amount to the person who is determined to have been properly owed that amount, and that Class Member shall indemnify, defend, and hold harmless any of the Released Parties, Plaintiff's Counsel, Defendant's Counsel, or any other Class Member.

11. Upon completing all distributions of the Net Settlement Fund to Class Members (including any necessary supplemental distributions), complying with the Court's order(s) in furtherance of this Settlement, and distributing the Residual Unclaimed Funds to Defendant, the Settlement Administrator will have satisfied all obligations relating to the payment and distribution of the Net Settlement Fund.

12. Within 120 days after the Settlement Administrator sends the final wave of Distribution Checks, the Settlement Administrator shall send a reconciliation of the Residual Unclaimed Funds to Defendant's and Plaintiff's Counsel. The reconciliation must include (a) a detail of each distribution or refund made from the Settlement Account; (b) the detail of any interest or other returns earned on the Settlement Account; (c) the total Residual Unclaimed Funds and detail sufficient to verify that total; and (d) detail showing the total amount of the

Administration, Notice, and Distribution Costs paid from the Settlement Account. The Settlement Administrator must pay the total amount remaining in the Settlement Account to Defendant no later than ten (10) business days after sending this reconciliation to Defendant's and Plaintiff's Counsel.

13. The Court shall retain jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund, and any claims relating thereto shall be determined by the Court alone, and shall be limited to a determination of the claimant's entitlement to any portion of the Net Settlement Fund, and no consequential, punitive, or other damages; fees; interest; or costs shall be awarded in any proceeding regarding any such determination.

14. The Mutual Release, Dismissal, and Covenant Not to Sue shall be effective as provided in the Settlement Agreement, regardless of whether or not particular members of the Settlement Class did or did not receive payment from the Net Settlement Fund and regardless of whether or not any person or entity who received a Distribution Check who was obligated pursuant to the Judgment to pay some or all of the distributed funds to another Class Member in fact made such payment to such other member of the Settlement Class. The failure of a person or entity who received a Distribution Check to make payment to another Class Member pursuant to the payment obligations of the Judgment shall not be a defense to enforcement of the Release of the Released Claims against the Released Parties or the Covenant Not to Sue, as to any Class Member.

15. Except in the case of willful and intentional malfeasance of a dishonest nature directly causing such loss, Plaintiff's Counsel, Plaintiff, and the Settlement Class shall have no liability for loss of any portion of the Settlement Account under any circumstances and, in the

event of such malfeasance, only the party whose malfeasance directly caused the loss has any liability for the portion of the Settlement Account lost.

16. The Court finds that all objections are overruled and hereby severed from this action for the purposes of appeal. In the event any objector appeals this Plan of Allocation Order or any other rulings of this Court, such objector is hereby ordered to post a cash bond in an amount sufficient to reimburse (a) the appellate fees of Plaintiff's Counsel and Defendant's Counsel and (b) the amount of lost interest to the non-objecting Class Members caused by any delay in distribution of the Net Settlement Fund that is caused by appellate review of the objection.

**IT IS SO ORDERED** this 4th day of June, 2020.

/s/ John A. Gibney, Jr.
United States District Judge
_____
JOHN A. GIBNEY, JR.
UNITED STATES DISTRICT JUDGE